1

2

3

4

5

6

7

8        UNITED STATES DISTRICT COURT

9          DISTRICT OF ARIZONA

10

11  LAWYERS FOR FAIR RECIPROCAL        Case No.:  24-CV-02175-PHX-GPC
    ADMISSION,
12                                     **ORDER (1) DENYING PLAINTIFF'S**
                        Plaintiff,     **REQUEST FOR JUDICIAL NOTICE;**
13                                     **(2) DENYING PLAINTIFF'S**
    v.                                 **MOTION FOR**
14                                     **RECONSIDERATION; (3) DENYING**
    ANN A. SCOTT TIMMER, Chief Justice **PLAINTIFF'S MOTION FOR**
15  of the Arizona Supreme Court, and  **LEAVE TO AMEND COMPLAINT;**
    Justices JOHN R. LOPEZ IV, ROBERT  **AND (4) GRANTING DEFENDANTS'**
16  M. BRUTINEL, CLINT BOLICK,         **MOTION FOR SANCTIONS**
    JAMES P. BEENE, WILLIAM G.
17  MONTGOMERY, and KATHRYN H.         **[ECF Nos. 42, 43, 44, 47]**
    KING,
18
                        Defendants.
19

20

21

22        Before the Court are Plaintiff's motion for leave to amend its complaint, ECF No.

23  43, which was filed alongside Plaintiff's request for judicial notice, ECF No. 42, and

24  Plaintiff's motion for reconsideration, ECF No. 44.  Defendants timely opposed the

25  motion for leave to amend.  ECF No. 46.  Plaintiff did not timely file a reply brief.

26

27                                   1

28

1
2
3

Also before the Court is Defendants' motion for sanctions against Plaintiff's counsel.  ECF No. 47.  Plaintiff filed an opposition.  ECF No. 51.  Defendants filed a reply.  ECF No. 53.

4
5
6
7
8

The Court has reviewed the papers on file in this matter and finds the motions suitable for decision without oral argument pursuant to Local Rule 7.2(f).  For the reasons below, the Court DENIES Plaintiff's motion for reconsideration, DENIES Plaintiff's request for judicial notice, DENIES Plaintiff's motion for leave to amend its complaint, and GRANTS Defendants' motion for sanctions.

9

## BACKGROUND

10
11
12
13
14
15
16
17
18
19
20

On August 26, 2024, Plaintiff filed the instant action against the Justices of the Arizona Supreme Court and the District Judges of the United States District Court for the District of Arizona ("Defendants").  ECF No. 1 ("Compl.").   The complaint challenges the validity of Arizona's reciprocal rules of admission to the practice of law under the Constitution and federal law.  *See generally* Compl.  Arizona waives the bar examination requirement for experienced, licensed attorneys from 41 states, and those 41 states reciprocate this waiver for experienced, licensed attorneys from Arizona.  *Id.* ¶ 13(A), (B).  Licensed attorneys from the other nine states are not granted the same waiver because their state bars do not share the same reciprocity with the Arizona Bar.  *Id.* Plaintiff alleges that these reciprocal rules of admission violate the constitutional rights of attorneys who are not provided a waiver.  *Id.* ¶¶ 38-92.

21
22
23
24

On March 19, 2025, the Court granted Defendant's motion to dismiss Plaintiff's complaint in full.  *See* ECF No. 41.  The Court granted Plaintiff limited leave to amend.  *Id.* at 30.  Specifically, the Court allowed Plaintiff to file a motion for leave to amend its complaint, but only to add new claims not previously considered by the Court.[1]  *Id.*

25

26
27
28

---

[1] The Court dismissed the claims in the original complaint without leave to amend.  ECF No. 41 at 30.

24-CV-02175-PHX-GPC

1    On April 9, 2025, Plaintiff filed a motion for leave to file an amended complaint,

2    along with its proposed First Amended Complaint ("proposed FAC").  ECF Nos. 43 &

3    43-1.[2]  Despite the Court's explicit instructions, the proposed FAC brings the same

4    constitutional claims: (A) violations of the Fourteenth Amendment equal protection

5    clause, Article IV § 2 privileges and immunities clause, Fourteenth Amendment

6    privileges and immunities clauses; (B) violations of the First Amendment free speech

7    clause;[3] and (C) violations of the Fifth and Fourteenth Amendment procedural due

8    process clauses.  ECF No. 43-1 ("Proposed FAC") ¶¶ 61–68, 86–152.  The proposed

9    FAC also re-alleges a claim under 28 U.S.C. § 1738.  *Id.* ¶¶ 69–85.  Defendants opposed

10   the motion for leave to amend, arguing that the proposed FAC fails to allege any new

11   claims and that, in any event, the proposed amendments are futile.  ECF No. 46.  Plaintiff

12   failed to file a timely reply.[4]

---

[2] Plaintiff filed a request for judicial notice alongside the motion for leave to amend its complaint.  ECF No. 42.  Plaintiff requests judicial notice of the Supreme Court's grant of certiorari in *Chiles v. Salazar*, No. 24-539, 2025 WL 746313 (U.S. Mar. 10, 2025).  *Id.* at 2.  Plaintiff argues that the Supreme Court's granting of certiorari in *Chiles* "directly calls into question" several Ninth Circuit professional speech decisions.  But the Court did not rely on any of these cases, nor did it rely on the professional speech doctrine, in its order granting the motion to dismiss.  The Court therefore DENIES Plaintiff's request for judicial notice because the materials Plaintiff asks the Court to judicially notice are irrelevant.  *See Pearson v. Arizona*, 2020 WL 5544373, at *2 (D. Ariz. Sept. 16, 2020) ("Although relevance is not explicitly required to satisfy Rule 201, the Ninth Circuit has declined to take judicial notice of facts that are irrelevant.") (citing *Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006); *Flick v. Liberty Mut. Fire Ins. Co.*, 205 F.3d 386, 392 n.7 (9th Cir. 2000)).

[3] As this Order will discuss in more detail below, the Proposed FAC attempts to repackage the First Amendment claims as "new" or "different" claims.

[4] Plaintiff filed a reply on May 8, 2025.  ECF Nos. 49 & 50.  But under Local Rule 7.2(d), Plaintiff had "seven (7) days after service of the responsive memorandum to file a reply memorandum[.]"  Defendants filed their responsive memorandum on April 22, 2025, which means that Plaintiff had until April 30, 2025 to file a timely reply.  Plaintiff therefore filed a reply over a week late and entirely failed to show any good cause for its untimely filing.  *See generally* ECF No. 49.  This is not the first time Plaintiff has flouted the Court's deadlines.  Previously, Plaintiff failed to timely oppose Defendants' motion to dismiss, and instead filed a procedurally improper amended complaint.  *See* ECF Nos. 16 & 23.  Plaintiff never addressed its failure to oppose or offered any good cause for its delay.  The Court ultimately set a new briefing schedule after denying its first motion for leave to amend, which offered

1

2

3

On April 9, 2025, Plaintiff also filed a motion for reconsideration of the Court's First Amendment rulings in its Order Denying Defendants' Motion to Dismiss the Complaint.  ECF No. 44.[5]

4

5

6

On April 22, 2025, Defendants filed a motion for sanctions against Plaintiff's counsel, Joseph R. Giannini.  ECF No. 47.  On May 15, 2025, Plaintiff filed an opposition.[6]  ECF No. 51.  On May 21, 2025, Defendants filed a reply.  ECF No. 53.[7]

7

**MOTION FOR RECONSIDERATION**

8

9

10

The Court will first consider Plaintiff's motion for reconsideration of the Court's First Amendment rulings in its Order Denying Defendants' Motion to Dismiss the Complaint.  ECF No. 44.

11

12

13

The motion is untimely under the Local Rules.  Pursuant to Local Rule 7.2(g)(2), "[a]bsent good cause shown, any motion for reconsideration shall be filed no later than

14

---

15

16

17

18

Plaintiff a new opportunity to oppose the motion to dismiss.  ECF No. 29 at 7.  Here, due to the lack of good cause for the untimely filing, the Court will not consider Plaintiff's reply brief in deciding this motion.  *See Anderson v. AMR*, 348 F. App'x 322, 323 (9th Cir. 2009) ("[t]he district court did not abuse its discretion in refusing to consider Anderson's second untimely filed opposition") (citing *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) ("[d]istrict courts retain broad discretion to control their dockets")).

19

[5] Pursuant to Local Rule 7.2(g)(2), Defendants did not oppose this motion because the Court did not order a response.

20

21

22

23

[6] Pursuant to Local Rule 7.2(c), Plaintiff's opposition was due on May 6, 2025.  In Plaintiff's untimely opposition, it explained that its delay in responding was due to unsuccessful attempts to informally resolve the matter with Defendants' counsel.  ECF No. 51 at 4.  Considering the need to give notice and an opportunity to be heard before entering the type of pre-filing order Defendants request, *see Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007), the Court will consider Plaintiff's opposition in deciding the motion for sanctions.

24

25

26

27

[7] On May 25, 2025, Plaintiff improperly filed a sur-reply to the motion for sanctions under the guise of a "Notice of Errata" regarding Defendants' reply brief.  ECF No. 54.  Because Plaintiff did not obtain leave of Court to file this sur-reply, the Court will not consider this filing in deciding the motion for sanctions.  *See Briggs v. Montgomery*, 2019 WL 13039282, at *2 (D. Ariz. Mar. 19, 2019) ("Neither Fed. R. Civ. P. 7 nor the local rules of practice for this District provide for the filing of a sur-reply, and sur-replies are not authorized by any other rules of procedure absent express prior leave of the Court.").

28

fourteen (14) days after the date of the filing of the Order that is subject to the motion." Plaintiff's motion was filed 21 days after the Order that is subject to the motion. *See* ECF No. 41. Non-compliance with the Local Rules is grounds for summary denial of the motion. *See* L.R. 7.2(i).

Moreover, Plaintiff's motion fails on the merits. Local Rule 7.2(g)(1) states that "[n]o motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." Plaintiff's motion for reconsideration merely repeats Plaintiff's previous arguments regarding the applicability of the Ninth Circuit's decision in *NAAMJP v. Berch*, 773 F.3d 1037 (9th Cir. 2014), to its claims. *See, e.g.,* ECF No. 44 at 2 (arguing that *Berch* "was resolved through a summary judgment motion, rather than a Rule 12(b)(6) motion"). Because "Plaintiff's motion for reconsideration simply restates arguments previously considered by the Court …, Plaintiff has not shown his entitlement to reconsideration under Local Rule of Civil Procedure 7.2(g) or the standards routinely applied by this Court." *Taylor v. AFS Techs., Inc.*, 2010 WL 11515549, at *2 (D. Ariz. June 1, 2010) (citing *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003)).

The Court therefore DENIES Plaintiff's motion for reconsideration.

## MOTION FOR LEAVE TO AMEND

### I.    Legal Standards

Under Federal Rule of Civil Procedure ("Rule") 15, a party may amend their pleading once as a matter of course within 21 days after service of a motion under Rule 12(b).[8] Fed. R. Civ. P. 15(a)(1)(B). Otherwise, a party may amend only by leave of

---

[8] Here, Defendants served Plaintiff with a Rule 12(b)(6) motion on September 27, 2024, ECF No. 13, thus, Plaintiff had until October 18, 2024 to amend as of right under Rule 15(a)(1). This deadline passed by the time Plaintiff filed the FAC on November 28, 2024. ECF No. 23.

court or by written consent of the adverse party.[9]  Fed. R. Civ. P. 15(a)(2).  Here, Plaintiff's only path to amendment is leave of court.

"The court should freely give leave when justice so requires," *id.*, and this policy should be "applied with extreme liberality," *Warren v. Penzone*, 2024 WL 2246257, at *7 (D. Ariz. May 17, 2024) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003)).  "Thus, Plaintiffs' amendment request should be granted unless 'the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile.'"  *Id.* (quoting *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 951 (9th Cir. 2006)).  Absent prejudice or a strong showing of any of the other factors, there is a "presumption under Rule 15(a) in favor of granting leave to amend."  *Eminence Cap.*, 316 F.3d at 1052.

## II.    Analysis

In granting Defendants' motion to dismiss the original complaint, the Court denied Plaintiff leave to amend as to all claims which the Court dismissed in its Order.  ECF No. 41.  However, the Court granted Plaintiff an opportunity to request leave to amend its complaint to add "claims not addressed in th[e] Order."  *Id.* at 30.  For the reasons below, the Court finds that each claim Plaintiff brings in its proposed FAC was already dismissed by the Court in its prior Order, either because they are the same claims or because Plaintiff unsuccessfully attempts to repackage the same claims as different claims.

Plaintiff's motion for leave to amend largely spends its pages repeating arguments about *Berch*'s applicability to its claims.  *See* ECF No. 43 at 1–6.  Plaintiff's arguments regarding amendment include: (1) an argument that dismissal at the 12(b)(6) stage

---

[9] Plaintiff notes that its attempts to obtain Defendants' consent to amend its complaint were unsuccessful.  ECF No. 1-4.

24-CV-02175-PHX-GPC

without further leave to amend violates due process, *id.* at 2; and (2) an argument that its professional speech, neutral and generally applicable, and retaliation claims are "new claims" that were not previously dismissed, *id.* at 5–7.

Defendants correctly point out in their opposition that Counts One, Two, and Four in the proposed FAC overtly reassert Counts One, Two, and Four from the original complaint, all of which the Court already addressed and dismissed. *See* ECF No. 41. The same goes for certain claims within the proposed FAC's Count Three, including claims based on the right to petition; prior restraint; viewpoint, speaker, and content discrimination; and the right to associate. Proposed FAC ¶¶ 91–104, 127–40, The Court denied leave to amend the already-dismissed claims because amendment of those claims would be futile. ECF No. 41 at 30. Accordingly, the Court DENIES leave to file the proposed FAC as to Counts One, Two, and Four.

Plaintiff argues, however, that the proposed FAC's Count Three includes claims regarding the professional speech doctrine, whether the challenged rules are neutral and generally applicable, and retaliation claims, all of which are "new claims" that were not previously dismissed. ECF No. 43 at 5–7. Defendants respond that Plaintiff merely repackaged claims and arguments that the Court previously rejected, and that Plaintiff cannot reassert these claims because they were already dismissed. ECF No. 46 at 2–4. Defendants are correct.

Plaintiff's original complaint made allegations regarding professional speech. *See* Compl. ¶ 45 ("the *practical* effect of the Arizona Supreme Court's tit-for-tat licensing paradigm is to discriminate against out-of-state attorneys from nine states and a create a *proxy* for [] professional speech…"). Further, Plaintiff's reasserted theory was discussed heavily in the motion to dismiss briefing. *See* ECF No. 30 at 12–13; ECF No. 31 at 3. And, based on the briefing, the Court rejected Plaintiff's theory in its Order

24-CV-02175-PHX-GPC

1  granting the motion to dismiss.  ECF No. 41 at 13–14.  Plaintiff cannot now reallege this
2  claim because it was already rejected by the Court.

3      Plaintiff's original complaint also alleged viewpoint discrimination, speaker
4  discrimination, and that Arizona's reciprocal admission rule was content based.  Compl.
5  ¶¶ 73–78.  Again, the parties discussed the rule's neutrality heavily in their briefs.  ECF
6  No. 13 at 7–9; ECF No. 30 at 14–16 (discussing whether the rule is neutral and generally
7  applicable); ECF No. 31 at 3–5.  The Court held that the rule is content neutral, applied
8  the appropriate level of scrutiny, and dismissed Plaintiff's claims.  ECF No. 41 at 24–26.
9  Because the Court already rejected this theory, Plaintiff's attempt to repackage it as a
10  claim that the rule is not neutral and generally applicable, and therefore subject to strict
11  scrutiny, fails.

12      Plaintiff's original complaint also alleged First Amendment retaliation.  Compl. ¶
13  66A.  Defendant's motion to dismiss directly analyzed the claim, ECF No. 13 at 10–11.
14  The Court subsequently dismissed all of Plaintiff's First Amendment claims without
15  leave to amend, and most relevant here, found that Arizona's reciprocal admission rule is
16  a reasonable time, place, and manner restriction.  ECF No. 41 at 22–27, 30.  This finding
17  was fatal to Plaintiff's retaliation claim, as the equal enforcement of a constitutional time,
18  place, and manner restriction against a large group of individuals cannot constitute
19  retaliation against Plaintiff, nor would it "chill a person of ordinary firmness from
20  continuing to engage in a protected activity."  *Fitzpatrick v. Little*, 2024 WL 1308925, at
21  *4 (D. Idaho Mar. 26, 2024) (citing *Capp v. Cnty. Of San Diego*, 940 F.3d 1046, 1053
22  (9th Cir. 2019) (stating the elements of a First Amendment retaliation claim)).  Plaintiff

24-CV-02175-PHX-GPC

cannot reallege this claim, which the Court previously dismissed, in an amended complaint.[10]

Accordingly, the Court DENIES Plaintiff's motion for leave to amend because it does not allege any new claims which have not already been dismissed by the Court.[11]

## MOTION FOR SANCTIONS[12]

Defendants moved for sanctions against Plaintiff's counsel, Mr. Giannini. ECF No. 47. Specifically, Defendants ask the Court to enter a pre-filing order. Specifically, the order requires Mr. Giannini to obtain leave of the Chief Judge of this court before filing further actions "regarding admission to and the regulation of the practice of law in the State of Arizona." *Id.* at 1 (quoting *Paciulan v. George*, 38 F. Supp. 2d 1128, 1145 (N.D. Cal. 1999), *aff'd*, 229 F.3d 1226 (9th Cir. 2000)).

### I.  Legal Standards

Under Rule 11(b), an attorney who signs, files, submits, or later advocates for a "pleading, written motion, or other paper" certifies that:

---

[10] Moreover, each of these theories were clearly already known to the Plaintiff at the inception of this action, which weighs against granting leave to amend. *See Acri v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986) (citation omitted).

[11] Plaintiff also attached declarations from its members to its proposed FAC. *See* ECF Nos. 43-2–43-6. However, as the Court previously noted, "[n]o additional factual allegations could possibly cure the deficiencies in Plaintiff's legal theories." ECF No. 41 at 30. Because Plaintiff does not assert any new legal theories in the proposed FAC, these amendments are similarly futile here.

Relatedly, Plaintiff's attempt to revive its as-applied constitutional challenges fails here too. The Court previously found that "Plaintiff has failed to allege that the reciprocal admission rule is unconstitutional as applied in this specific scenario, or in any context at all." ECF No. 41 at 26 n.13. The Court dismissed these claims without leave to amend. *Id.* at 26 n.13, 30. Therefore, Plaintiff cannot amend his complaint to reassert these as as-applied claims.

[12] Mr. Giannini argues, without citing any case law, that the Court should not decide Defendants' motion for sanctions without first providing him 30 days to find independent counsel. However, Mr. Giannini had adequate notice to find counsel and, regardless, offered his own opposition to the motion already. The Court finds this sufficient to decide the motion on the current record. Accordingly, the Court DENIES Mr. Giannini's request for a 30-day continuance.

24-CV-02175-PHX-GPC

it is not presented for any improper purpose, such as to harass, cause
unnecessary delay, or needlessly increase the cost of litigation; (2) the
claims, defenses, and other legal contentions are warranted by existing law
or by a nonfrivolous argument for extending, modifying, or reversing
existing law or for establishing new law; [and] (3) the factual contentions
have evidentiary support or, if specifically so identified, will likely have
evidentiary support after a reasonable opportunity for further investigation or
discovery[.]

Fed. R. Civ. P. 11(b).  Generally, sanctions are appropriate under Rule 11 when an
attorney files papers that are frivolous, that is, papers that are "baseless and made without
a reasonable and competent inquiry." *Townsend v. Holman Consulting Corp.*, 929 F.2d
1358, 1362 (9th Cir. 1990).  Whether a filing is frivolous is an objective inquiry: "[t]he
issue in determining whether to impose sanctions under Rule 11 is whether a reasonable
attorney, having conducted an objectively reasonable inquiry into the facts and law,
would have concluded that the offending paper was well-founded." *Truesdell v. So. Cal.
Permanente Med. Grp.*, 209 F.R.D. 169, 174 (C.D. Cal. 2002); *see also Holgate v.
Baldwin*, 425 F.3d 671, 677 (9th Cir. 2005).

A violation of Rule 11 is grounds for sanctions, including "nonmonetary
directives; an order to pay a penalty into court; or, if imposed on motion and warranted
for effective deterrence, an order directing payment to the movant of part or all of the
reasonable attorney's fees and other expenses directly resulting from the violation."  Fed.
R. Civ. P. 11(c)(4); *Ringgold-Lockhart v. Cnty. of L.A.*, 761 F.3d 1057, 1065 (9th Cir.
2014).  Ultimately, "Rule 11's express goal is deterrence." *Warren v. Guelker*, 29 F.3d
1386, 1390 (9th Cir. 1994).

## II. Discussion

Defendants primarily contend that Plaintiff's motion for leave to file the proposed
FAC was both frivolous and directly defied the Court's previous dismissal order.  *Id.* at 1.
Defendants assert that Mr. Giannini's prior conduct in this case supports their motion for
sanctions as well.  *Id.* at 1–2.  Plaintiff responds that the Court should deny the motion

10

1  because (1) attorneys cannot be vexatious litigants, (2) the proposed FAC is "not a

2  sham," and (3) Defendants' motion for sanctions creates a conflict of interest between

3  Mr. Giannini and Plaintiff.  ECF No. 51 at 1–5.[13]  Alternatively, Plaintiff requests a 30-

4  day continuance for Mr. Giannini to seek his own counsel.  *Id.* at 7–9.

5       First, the Court addresses whether it can enter a pre-filing order against an

6  attorney.  Defendants base their request on *Molski v. Evergreen Dynasty Corp.*, 500 F.3d

7  1047, 1057–58 (9th Cir. 2007), where the Ninth Circuit explained that district courts have

8  discretion to enter pre-filing orders against "vexatious litigants."  However, as Mr.

9  Giannini notes in his opposition, the Ninth Circuit has been wary of entering such orders

10  against attorneys on the grounds that they are vexatious litigants.  *See Weissman v. Quail*

11  *Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999) ("We therefore conclude that an

12  attorney appearing on behalf of a client cannot be sanctioned as a vexatious litigant; by

13  definition, he or she is acting as an attorney and not as a litigant."); *Ringgold-Lockhart*,

14  761 F.3d at 1061 (noting that the district court entered a pre-filing order against plaintiff

15  "in her capacity as an individual, not as an attorney, to comply with the Ninth Circuit's

16  holding in *Weissman*, where it found "that attorneys could not be sanctioned as vexatious

17  litigants").  Indeed, the *Molski* test itself describes its procedural and substantive analysis

18  as a method to determine who is a "vexatious litigant."  *See Molski*, 500 F.3d at 1057–58

19  ("the factors define a specific method or course of action that district courts should use to

20  assess whether to declare a party a vexatious litigant and enter a pre-filing order").  Thus,

21  *Molski*'s vexatious litigant test is not the appropriate avenue for entering a pre-filing

22  order against an attorney.

---

[13] Defendant also improperly attempts to re-litigate aspects of the motion to dismiss in its opposition.
ECF No. 51 at 5–7.

11

24-CV-02175-PHX-GPC

However, as Defendants note, the *Molski* court also affirmed the district court's sanctioning of plaintiff's *attorneys* by entering a similar pre-filing order against the firm. *See id.* at 1062–65.  The Ninth Circuit crafted a substantially similar test for entering pre-filing orders against attorneys.  "As a procedural matter … the district court must afford the attorney notice and an opportunity to be heard.  As a substantive matter, justifications for imposing a pre-filing sanction on an attorney include the attorney's willful abuse of the judicial process, bad faith conduct during litigation, or filing frivolous papers." *Id.* at 1063 (citing *Weissman*, 179 F.3d at 1198) (internal quotation marks and citations omitted).  Further, the pre-filing order "must be tailored to curtail the attorney's particular misconduct." *Id.* (citing, *inter alia*, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–44 (1991)).  Accordingly, the Court will consider Defendants' motion in light of this standard.  *See also Paciulan*, 38 F. Supp. 2d at 1145–47 (entering pre-filing order against Mr. Giannini after finding that plaintiff's—his client's—case was legally frivolous and filed for an improper purpose and that a pre-filing order was appropriate given the previous ineffectiveness of monetary sanctions).

   The Court will first consider whether the procedural requirement is met here. Defendants filed the instant motion for sanctions on April 22, 2025, which gave Mr. Giannini ample notice of the possibility for sanctions.  Further, Molski had an opportunity to oppose the motion in writing.  This is sufficient to give Mr. Giannini notice and an opportunity to be heard.  *See Molski*, 500 F.3d at 1058 (finding sufficient notice and an opportunity to be heard where motion was filed and served on plaintiff's counsel, and where plaintiff opposed the motion in writing and at the hearing); *see also Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000) (finding, where a court sanctioned an attorney, that "an opportunity to be heard does not require an oral or evidentiary hearing on the issue," and that "[t]he opportunity to brief the issue fully satisfies due process requirements").

24-CV-02175-PHX-GPC

1    As for the substantive requirements, Defendants argue that Mr. Giannini's filings

2  in this case, specifically the motion for leave to amend, have been frivolous.  The Court

3  agrees for two reasons: (1) Plaintiff's motion for leave to amend contravened the Court's

4  prior order; and (2) Plaintiff's complaint, proposed FAC, and other filings throughout this

5  litigation have been objectively baseless.  First, the Court made clear in its order granting

6  Defendants' motion to dismiss that it was not granting leave to amend any claims in

7  Plaintiff's original complaint, and that Plaintiff could only amend its complaint insofar as

8  it brought claims that the Court had not already dismissed.  *See* ECF No. 41 at 29–30.

9  Plaintiff's motion for leave to amend its complaint flew in the face of the Court's

10  directive.  Instead of bringing only new claims, the proposed FAC re-alleged all prior

11  dismissed claims and attempted to repackage previously alleged claims as new ones.  A

12  reasonable attorney would not have found the motion well-founded after conducting an

13  objectively reasonable inquiry into the facts and law, and specifically after reviewing the

14  Court's granting of limited leave to amend.  Accordingly, the motion for leave to amend

15  that Giannini filed on behalf of his client was baseless and frivolous.

16    Second, it is worth examining the broader context of this litigation and Mr.

17  Giannini's history of bringing these types of claims.  Indeed, as the Court has noted

18  before, *see* ECF No. 41 at 10 n.6, Mr. Giannini has been unsuccessful in challenging bar

19  admission rules on substantially similar legal theories across the country for decades.

20  The Court's review of past case law reveals numerous unsuccessful challenges steered by

21  Mr. Giannini, either as a plaintiff or as counsel.  *See Nat'l Ass'n for Advancement of*

22  *Multijurisdiction Practice ("NAAMJP") v. Berch*, 773 F.3d 1037 (9th Cir. 2014)

23  (unsuccessful challenge to Arizona's reciprocal bar admissions rule); *Paciulan*, 229 F.3d

24  at 1226 (challenging California state court pro hac vice admission rule, affirming district

25  court's imposition of pre-filing order on Mr. Giannini); *Blye v. Kozinski*, 466 F. App'x

26  650 (9th Cir. 2012) (dismissing complaint because of Mr. Giannini's failure to comply

27

28

24-CV-02175-PHX-GPC

1   with *Paciulan* pre-filing order); *Giannini v. Real*, 911 F.2d 354 (9th Cir. 1990)

2   (challenging California bar admission rules); *Giannini v. Comm. of Bar Exam'rs of State*

3   *Bar of Cal.*, 847 F.2d 1434 (9th Cir. 1988) (same); *NAAMJP v. Gonzales*, 211 F. App'x

4   91 (3d Cir. 2006) (challenging district court admissions rules); *NAAMJP v. Simandle*, 658

5   F. App'x 127 (3d Cir. 2016) (same); *Lawyers for Fair Reciprocal Admission ("LFRA")*

6   *v. United States*, 2023 WL 145530 (D.N.J. Jan. 10, 2023) ("[t]his case represents yet

7   another effort by Plaintiff's counsel, Joseph Giannini, to establish a legal right for

8   lawyers to practice law in jurisdictions that lack bar reciprocity with the state where such

9   lawyers are barred.  Mr. Giannini has filed many such cases in courts across the country

10  over the last several decades…"); *NAAMJP v. Castille*, 799 F.3d 216 (3d Cir. 2015)

11  (challenging Pennsylvania's reciprocal bar admissions rule); *LFRA v. United States*, 2024

12  WL 987979 (D. Ariz. Mar. 7, 2024) (challenging Arizona's reciprocal bar admissions

13  rule); *NAAMJP v. Lynch*, 826 F.3d 191 (4th Cir. 2016) (challenging district court

14  admissions rule); *NAAMJP v. Roberts*, 180 F. Supp. 3d 46 (D.D.C. 2015) (same).

15          Notwithstanding the constant slew of opinions issued by respected jurists across

16  the country, all invariably finding that Mr. Giannini's legal theories are untenable, Mr.

17  Giannini continues to lodge the same challenges to bar and court admissions rules.  This

18  includes several unsuccessful challenges recently brought by the same Plaintiff as in the

19  instant case.  The numerous unsuccessful challenges based on the same legal theories also

20  support a finding that Mr. Giannini's filings in this case are "baseless and made without a

21  reasonable and competent inquiry."  *Townsend*, 929 F.2d at 1362; *see also Molski*, 500

22  F.3d at 1063 (finding that, where the attorneys "filed numerous complaints containing

23  false factual allegations, thereby enabling [their client's] vexatious litigation," there were

24  sufficient grounds to impose a pre-filing order); *Paciulan*, 38 F. Supp. 2d at 1146–47

25  (finding Mr. Giannini's filings to be frivolous where, "[a]t a minimum," two courts had

26  rejected plaintiff's claims).

27

28

1      Lastly, the Court considers whether requested pre-filing order is tailored to curtail

2  Mr. Giannini's misconduct.  The order requires Mr. Giannini to obtain leave of the Chief

3  Judge of this court before filing further actions "regarding admission to and the

4  regulation of the practice of law in the State of Arizona."  As Defendants correctly

5  contend, such a pre-filing order "appropriately covers only the types of claims [Mr.

6  Giannini has been filing vexatiously"—bar admission claims.  *Molski*, 500 F.3d at 1061.

7  Further, the pre-filing order still allows meritorious bar admission claims after "an initial

8  screening review by a district judge."  *Id.*  Further, the Court notes that monetary

9  sanctions "have not deterred Giannini in the past," which supports the need for a pre-

10 filing order to curtail any further misconduct.  *Paciulan*, 38 F. Supp. 2d at 1147.  Lastly,

11 "[a]t least two courts have gone so far as to enjoin Mr. Giannini from filing additional

12 cases challenging bar admission rules without leave of court," which further supports the

13 narrowly tailored pre-filing order here.  *LFRA v. United States*, 2023 WL 145530, at *1

14 (citing *NAAMJP v. Bush*, No. 05-cv-5081, ECF No. 43, slip op. at 9 (E.D. Pa. Mar. 23,

15 2006), *aff'd sub nom. Gonzales*, 211 F. App'x at 93; *Paciulan*, 38 F. Supp. 2d at 1146-

16 47, *aff'd*, 229 F.3d at 1226).

17      The Court can easily dispose of Mr. Giannini's other arguments against the

18 imposition of a pre-filing order.  He argues that a lawsuit cannot be enjoined unless it is a

19 "sham" under *Professional Real Estate Invs., Inc. v. Columbia Pictures Indus., Inc.*, 508

20 U.S. 49 (1993).  But in *Columbia Pictures*, the Supreme Court addressed the "sham"

21 exception to the antitrust immunity doctrine.  *Id.* at 51.  This doctrine has no applicability

22 here, and the Court does not rely on it to reach its conclusion here.  Mr. Giannini further

23 argues, without citing any authority that Defendants' motion for sanctions creates an

24 impermissible conflict of interest between himself and his client.  But, in addition to the

25 lack of any precedent for this argument, the Court notes that Mr. Giannini's misconduct

26

27

28                                                                          24-CV-02175-PHX-GPC

is tied to his advocacy for Plaintiff's own claims. It is difficult to see how there could be a conflict given the alignment of Mr. Giannini and Plaintiff's interests.

Accordingly, the Court finds that Defendants' requested pre-filing order is warranted here. The Court therefore ORDERS as follows:

Joseph R. Giannini is hereby ENJOINED from filing any further actions, either as an attorney or a party, in the United States District Court for the District of Arizona, regarding admission to and the regulation of the practice of law in the State of Arizona without first obtaining leave of the Chief Judge of this court. If Mr. Giannini wishes to file further actions regarding admission to and the regulation of practice of law in the District of Arizona, Mr. Giannini must attach a copy of this order to his application for leave to file such actions and supply a declaration supporting the application stating: (1) that the matters asserted in the new action have not previously been raised by him, as an attorney or a party, and disposed of on the merits by any court, state or federal; (2) that the claims are not frivolous or made in bad faith; and (3) that Giannini has conducted a reasonable investigation of the facts and certifies that they are accurate. Failure to comply with any of these conditions shall be sufficient grounds to deny the application or dismiss the action, and any violation of this injunction may be treated as contempt of court. *See Paciulan*, 38 F. Supp. 2d at 1147.

*** 

For the above reasons, the Court DENIES Plaintiff's motion for reconsideration, DENIES Plaintiff's request for judicial notice, DENIES Plaintiff's motion for leave to amend its complaint, and GRANTS Defendants' motion for sanctions. Because the Court has now dismissed Plaintiff's complaint without leave to amend, the Clerk of Court is directed to close this case.

**IT IS SO ORDERED.**

24-CV-02175-PHX-GPC

1    Dated:  May 30, 2025

2                                              Hon. Gonzalo P. Curiel
3                                              United States District Judge

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                    17

28                                                      24-CV-02175-PHX-GPC